IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOSEPH CUSTER, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1903 |
| | : | |
| JASON GREEN, *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

**Pappert, J.**                                                                                                        **March 5, 2024**

     *Pro se* Plaintiff Anthony Joseph Custer moves to reconsider the Court's dismissal of his amended complaint. *See Custer v. Green*, No. 23-1903, 2023 WL 8358123 (E.D. Pa. Dec. 1, 2023); (ECF No. 11). The Court denies the motion.

I

     Custer's amended complaint asserted against numerous individuals constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and related state law claims. *Custer*, 2023 WL 8358123, at *2. The claims arose from Custer's inability to enter the Philadelphia Social Security Administration's offices in late August and early September 2022 because he refused to wear a face mask. Custer alleged he was assaulted by individuals associated with the private security company contracted to protect the SSA offices, held and questioned by Federal Protective Services employees, and ultimately banned from SSA offices. *Id*. He asserted claims for violations of his First and Fourteenth Amendment rights, false imprisonment and assault and battery. He requested an award of money damages and an injunction requiring SSA to lift the ban

on his entering its offices.  *Id*. at *4.  Upon screening the amended complaint, the Court dismissed Custer's constitutional claims for failure to state a claim upon which relief could be granted and his state law claims for lack of subject matter jurisdiction.  *Id*. at *6-*8.  The Court also denied Custer's request for injunctive relief, given the dismissal of Custer's claims and his resulting inability to show success on their merits.  *Id*. at *4 n.12 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).

Custer filed a timely motion for reconsideration.  (ECF No. 12.)  In his motion, Custer alleges that he receives monthly Social Security benefits.  (*Id*. at 3.)  He describes his relationship with SSA as a "trust" and claims all "rights titles and interests associated with" his Social Security "trust."  (*Id*.)  He asks the Court to reconsider its decision dismissing his amended complaint (which Custer refers to a "The Bill in Equity, 23-CV-1903") in light of his new trust-based claims.  (*Id*. at 4.)  He requests that the Court do "what is right, just and of good conscience."  (*Id*.)  The remainder of his motion references sections of the *Corpus Juris Secundum* pertaining to equity, guardians, and trusts, and sections of the Restatement (Third) of Trusts.  (*Id*. at 5-10.)  Custer does not identify the relief he seeks, but does not challenge any of the legal bases for the Court's dismissal of his case.  (*See* ECF No. 12.)

After filing his motion for reconsideration, Custer appealed the amended complaint's dismissal.  (ECF Nos. 12, 13.)  The United States Court of Appeals for the

Third Circuit stayed Custer's appeal pending disposition of his reconsideration motion. (ECF No. 15.)

II

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Custer alleges none of the above. Even liberally construed, Custer's motion is unclear, as is the nature of the relief he seeks. While seemingly not challenging the Court's dismissal of his claims, Custer nonetheless contends the Court erred when it did not award equitable relief. Custer does not describe the nature of the equitable relief to which he believes he is entitled,[1] nor allege any basis for such an award. He does not, in fact, argue he suffered any injury requiring any form of relief. In short, Custer has not identified any ground that would warrant reconsideration of the Court's dismissal of the amended complaint.

An appropriate Order follows.

---

[1] To the extent Custer is referring to the Court's denial of his request for injunctive relief in the form of an Order requiring SSA to lift its ban on his entry into SSA offices, the Court has already explained its decision. *See supra* at 2 (citing *Custer*, 2023 WL 8358123, at *4) (further citations omitted).

BY THE COURT:

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**